FILED
2010 Aug-18 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION

DR. GLENN FELDMAN,            }
                              }
     Plaintiff,               }
                              }    CIVIL ACTION NO.
v.                            }    10-AR-1240-S
                              }
THE BOARD OF TRUSTEES OF THE  }
UNIVERSITY OF ALABAMA, et al.,}
                              }
     Defendants.              }
```

### MEMORANDUM OPINION

Plaintiff, Dr. Glenn Feldman ("Feldman"), sues defendants, The Board of Trustees of the University of Alabama ("the Board"), and David Klock ("Klock"), alleging violations under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, and breach of contract and fraud under Alabama state law. Before the court is Feldman's second motion to amend his complaint, seeking to add Eli Capilouto ("Capilouto") and Carrol Garrison ("Garrison") as defendants. Also before the court is the Board's motion to dismiss or for summary judgment, which came under submission before service on the other defendant. For the reasons that follow, Feldman's motion will be granted, and the Board's motion will be granted except to the extent it seeks dismissal of Feldman's claims against it for prospective injunctive relief.

**The Board's Motion to Dismiss or for Summary Judgment**

The Board argues that Feldman's claims under § 1981 and § 1983 are barred by its Eleventh Amendment immunity, and that Feldman's

state law claims are barred by its immunity pursuant to Article I, § 14 of the Alabama Constitution. The Eleventh Amendment prevents a plaintiff from bringing an action for alleged violations of federal statutes against a State and its agencies, unless that State either has consented to be sued or has waived its immunity from suit. *See Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 98-100; 104 S.Ct. 400 (1984). It is undisputed that the Board is a state agency, and that it has not consented to be sued under § 1981 or § 1983. Feldman argues that the Board has waived its immunity pursuant to 42 U.S.C. § 2000d-7, which provides that a State and its agencies waive their immunity from suits brought under certain federal statutes if they accept federal financial assistance. However, Feldman ignores the well-established fact that 42 U.S.C. § 1981 and § 1983 are not covered by § 2000d-7. *See Zeigler v. Alabama Dept. of Human Resources*, 2010 WL 1740834, at *14 (M.D. Ala. 2010); *Rizo v. Ala. Dept. of Human Resources*, 228 F. Appx. 832, 834-35 (11th Cir. 2007); *Zalter v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). Therefore, Feldman's claim that the Board has waived its Eleventh Amendment immunity fails. Feldman also argues that Eleventh Amendment immunity does not bar a plaintiff from seeking prospective, injunctive relief under § 1983. In this assertion, Feldman is correct. *See Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908); *Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005). Therefore, Feldman's § 1983 claim against the Board

will survive its motion to dismiss only insofar as it seeks prospective, injunctive relief.

The Board next argues that Feldman's state law claims asserted against it are barred by its sovereign immunity under Article I, § 14 of the Alabama Constitution. Feldman recognizes that § 14 provides a state agency an almost impenetrable cloak of immunity from state law claims, but asserts that his particular claims fall into narrow exceptions to the immunity doctrine. First, Feldman notes that when a state contracts for goods or services, and those services are undisputedly rendered, a state agency is not immune from a suit seeking to force the agency by mandamus to "pay for the goods or services accepted in accordance with the terms of the contract." *Alabama Dept. of Trans. v. Harbert Int'l*, 990 So.2d 831, 843 (Ala. 2008). Feldman not only does not seek mandamus, but does not point to an express contract between himself and the Board, as the undersigned, in his former role as a lawyer, pointed out to the Board, its comptroller, and to the Supreme Court in *Dampier v. Pegues*, 362 So. 2d 224 (Ala. 1978), nor does Feldman allege that he, beyond all doubt, satisfactorily rendered all services required by the alleged contract, whether express or implied. The exception cited by Feldman does not apply to the type of "understanding" he attempts to sue under, and the Board is thus immune from his purported breach of contract claim. *See also Hutchinson v. Bd. of Trustees of the Univ. of Ala.*, 256 So.2d 281 (Ala. 1971).

Feldman also argues that § 14 immunity does not apply when a plaintiff alleges that a state agency acted fraudulently and in bad faith. To the extent that Feldman makes allegations of fraud or bad faith, he is relying upon a tort theory as to which the Board is also immune. In addition, he fails to meet the pleading standards of Rule 9(b) under Rule 12(b)(6) challenge.

All of Feldman's state law claims asserted against the Board will be dismissed by separate order.

**Feldman's Motion for Leave to Amend**

Feldman seeks to amend his complaint to add Capilouto and Garrison as defendants. At a hearing on August 13, 2010, defendants Board and Klock orally opposed Feldman's motion, but Capilouto and Garrison have subsequently appeared by counsel. Defendants argued that an amendment would be futile because Capilouto and Garrison would be entitled to qualified immunity and because the complaint, insofar as it purports to make claims against Capilouto and Garrison, fails to meet the standards set out in Rule 12(b)(6), F.R.Civ. P., as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937 (2009). While this court recognizes that Feldman's claims against Capilouto and Garrison may have difficulties surviving a Rule 12(b)(6) motion, the court will rule on such motion when and if it is filed. Therefore, Feldman's second motion to amend his complaint will be granted.

DONE this 18th day of August, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE